IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 CR 390 |
| | ) | |
| TYLER LANG and KEVIN JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At this morning's status hearing, devoted primarily to consideration of whether detention or release pending trial was appropriate as to defendant Kevin Johnson ("Johnson"), this Court advised counsel for all parties that it planned to address the pretrial motions filed by co-defendant Tyler Lang ("Lang") -- and previously adopted by Johnson as well -- as soon as it had located its copy of the government's response that had been filed on October 8. It has now done so, and both the noncontroversial nature of the motions and the brevity of the government's four page response to the seven motions makes the decisional task a simple one.

First, defendants' motion for the preservation of law enforcement investigative notes (Dkt. 29) has encountered no resistance on the part of the government, which states that the motion should be denied as moot. That position has always struck this Court as posing a conceptual problem -- even though we always honor the government's promise to keep its word, the preferable disposition would seem to be to grant the motion, and this Court so orders.

Defendants' Dkt. 30 seeks permission for the issuance of trial subpoenas for early return. Not only does the government not object to that motion, but it asks for a reciprocal grant of early issuance. Both the motion and the motion for reciprocal treatment are granted.

Next, defendants seek to require the government to produce both a witness list (Dkt. 31) and an exhibit list (Dkt. 32) before trial. As with Dkts. 29 and 30, the government interposes no objection. It agrees to produce such lists not later than two weeks before trial and again asks for denial of the motions on mootness grounds. This Court has already set out its position on the notion of mootness, so it grants both motions -- but given the time frame that is normally needed for preparation by litigants, it orders the government to comply three weeks (rather than two weeks) before the as-yet-unscheduled trial date.

Next, defendants' Dkt. 33 seeks an order requiring that the government give notice of its intention to offer testimony by opinion witnesses (sometimes referred to, but not before the jury, as "expert" witnesses -- see Fed. R. Evid. 702). On that score the government acknowledges its obligation to provide advance notice, more specifically agreeing pursuant to Fed. R. Crim. P. 16(a)(1)(G) to provide "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Once again the government seeks a denial on mootness grounds, and once again this Court rejects that alternative in favor of granting the motion. In that respect the government seeks an order requiring such notification to be made not later than four weeks before trial, but because of both (1) the need for defendants to prepare for the possibility of offering their own opinion testimony and (2) the novelty of the charges at issue in this case, this Court enlarges that time frame to six weeks before trial.

Defendants' next motion (Dkt. 34), which asks that the government be required to give notice of its intention to offer Fed. R. Evid.404(b) evidence at trial, the government's response asserting mootness because of its intention to comply is once again rejected in favor of granting the motion. In that respect defendants' request for 45 days' lead time before trial appears quite

reasonable, and to assure compliance on a weekday rather than on a weekend, that order will also provide for compliance six weeks before the scheduled trial date.

Finally, defendants' Dkt. 35 seeks advance disclosure of evidence required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and <u>United States v. Bagley</u>, 473 U.S. 667 (1985). Once more the government assures its compliance with those obligations and once more (surprise) moves for denial on mootness grounds. And again this Court substitutes for any notion of mootness the granting of that motion, which asks that the government comply with its constitutional obligations, on a continuing basis.

## **Conclusion**

For the reasons stated in this memorandum order, all of defendants' motions are granted on the bases and pursuant to the timetables stated here. In addition, the government's cross-motion for the early return of subpoenas is granted without objection. Finally, this matter is set for status hearing at 9:30 a.m. October 22, 2014, and time until then is excluded for Speedy Trial Act purposes under 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 15, 2014